PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY 2.53318045 BITCOIN,

Defendant.

STIPULATION FOR CONSENT JUDGMENT OF FORFEITURE

The United States of America and potential claimant Andrea Alessandrini ("Alessandrini" or "claimant"), by and through their respective counsel, hereby agree and STIPULATE as follows:

1. On April 23, 2019, agents with the Federal Bureau of Investigation ("FBI") executed a federal search warrant at Alessandrini's residence New York, NY and found numerous digital devices and other items of evidence. On or about May 7, 2019, Alessandrini enabled the transfer of the Approximately 2.53318045 Bitcoin to a government-controlled wallet (hereafter "defendant cryptocurrency"). Alessandrini provided the password for the wallet residing on one of his devices seized during the execution of the federal search warrant at his residence. Alessandrini also had previously signed a consent form with corresponding passwords transferring control of the cryptocurrency wallet and numerous other online accounts to federal agents.

2. For the purposes of this settlement only, claimant does not dispute the United States' representation that beginning in 2015 the FBI and the U.S. Postal Inspection Service investigated two

darknet vendor partners, going by the monikers USASupply and plasticA, who sold fraudulent New York state driver's licenses, fraudulent identity information, credit card holograms, and ATM skimmers, among other things. Using aliases on darknet marketplace listings, Evan Hayes ("Hayes"), using the moniker USASupply, and Alessandrini, using the moniker plasticA, advertised these illegal items for sale in exchange for cryptocurrency, such as Bitcoin.

3. For the purposes of this settlement only, claimant does not dispute the United States' representation that the FBI conducted at least ten undercover purchases of illicit goods from plasticA on darknet marketplaces AlphaBay and Dream Market. Agents determined that the sender of the illicit packages was Hayes. Hayes operated on darknet marketplaces using plasticA's accounts to knowingly transfer false identification documents. Alessandrini sold the false licenses on AlphaBay in exchange for a share of USASupply's profits.

4. For the purposes of this settlement only, claimant does not dispute the United States' representation that federal agents searched Alessandrini's home on April 24, 2019 and found numerous digital devices and other evidence confirming that Alessandrini was the same "plasticA" that Hayes had been conspiring with to market, produce, and sell identity packages.

5. On May 2, 2019, an Indictment was filed in the Eastern District of California charging Alessandrini with Conspiracy to Transfer False Identification Documents in violation of 18 U.S.C. § 1028(a)(2), (b)(l)(A), (d)(4), and (f), Transfer of a False Identification Document in violation of 18 U.S.C. § 1028(a)(2), (b)(l)(A) & (d)(4), and Attempted Trafficking in, and Trafficking in Device Making Equipment in violation of 18 U.S.C. § 1029(a)(4), (b)(l), (b)(2), and (c)(l)(A)(ii). The Indictment contained a Forfeiture Allegation. On or about November 16, 2020, Alessandrini entered a guilty plea to Count 1 of the Indictment charging him with Conspiracy to Transfer False Identification Documents in violation of 18 U.S.C. § 1028(a)(2), (b)(l)(A), (d)(4), & (f). In the plea agreement Alessandrini agreed to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture.

6. Without admitting the truth of the factual assertions contained in this stipulation, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant

asset to the United States pursuant to 18 U.S.C. § 981(a)(1)(C). Claimant hereby acknowledges that he is the sole owner of the defendant cryptocurrency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant cryptocurrency, claimant shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant cryptocurrency was seized.

9. The parties herein desire to settle this matter, and a Consent Judgment of Forfeiture may be entered based upon the following terms with which claimant expressly agrees:

a. All right, title, and interest of Andrea Alessandrini in the Approximately 2.53318045 Bitcoin shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), to be disposed of according to law.

b. Claimant hereby releases the United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant asset. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizures or forfeiture, as well as to those now known or disclosed. The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

c. Pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence, no portion of this stipulated settlement, including statements or admissions made herein, shall be admissible in any criminal action.

d. Each party represents that he or she understands the content of this Stipulation and enters it voluntarily and has not been influenced by any person acting on behalf of any other party.

e. All parties will bear their own costs and attorney's fees.

DATED: 3/6/2023

PHILLIP A. TALBERT
United States Attorney

*/s/ Kevin C. Khasigian*
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

DATED: 2/27/2023

*/s/ Michael Chastaine*
MICHAEL CHASTAINE
Attorney for claimant Andrea Alessandrini