PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> APPROXIMATELY 2.53318045 BITCOIN, <br><br> Defendant. | 2:23-MC-00103-KJM-CKD <br><br> CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On April 23, 2019, agents with the Federal Bureau of Investigation ("FBI") executed a federal search warrant at Andrea Alessandrini's residence in New York, NY and found numerous digital devices and other items of evidence.  On or about May 7, 2019, Andrea Alessandrini ("Alessandrini" or "claimant") enabled the transfer of the Approximately 2.53318045 Bitcoin to a government-controlled wallet (hereafter "defendant cryptocurrency").  Alessandrini provided the password for the wallet residing on one of his devices seized during the execution of the federal search warrant at his residence. Alessandrini also had previously signed a consent form with corresponding passwords transferring control of the cryptocurrency wallet and numerous other online accounts to federal agents.

2. Claimant does not dispute the United States' representation that beginning in 2015 the FBI and the U.S. Postal Inspection Service investigated two darknet vendor partners, going by the monikers USASupply and plasticA, who sold fraudulent New York state driver's licenses, fraudulent identity

information, credit card holograms, and ATM skimmers, among other things.  Using aliases on darknet marketplace listings, Evan Hayes ("Hayes"), using the moniker USASupply, and Alessandrini, using the moniker plasticA, advertised these illegal items for sale in exchange for cryptocurrency, such as Bitcoin.

3. Claimant does not dispute the United States' representation that the FBI conducted at least ten undercover purchases of illicit goods from plasticA on darknet marketplaces AlphaBay and Dream Market.  Agents determined that the sender of the illicit packages was Hayes.  Hayes operated on darknet marketplaces using plasticA's accounts to knowingly transfer false identification documents. Alessandrini sold the false licenses on AlphaBay in exchange for a share of USASupply's profits.

4. Claimant does not dispute the United States' representation that federal agents searched Alessandrini's home on April 24, 2019 and found numerous digital devices and other evidence confirming that Alessandrini was the same "plasticA" that Hayes had been conspiring with to market, produce, and sell identity packages.

5. On May 2, 2019, an Indictment was filed in the Eastern District of California charging Alessandrini with Conspiracy to Transfer False Identification Documents in violation of 18 U.S.C. § 1028(a)(2), (b)(l)(A), (d)(4), and (f), Transfer of a False Identification Document in violation of 18 U.S.C. § 1028(a)(2), (b)(l)(A) & (d)(4), and Attempted Trafficking in, and Trafficking in Device Making Equipment in violation of 18 U.S.C. § 1029(a)(4), (b)(l), (b)(2), and (c)(l)(A)(ii).  The Indictment contained a Forfeiture Allegation.  On or about November 16, 2020, Alessandrini entered a guilty plea to Count 1 of the Indictment charging him with Conspiracy to Transfer False Identification Documents in violation of 18 U.S.C. § 1028(a)(2), (b)(l)(A), (d)(4), & (f).  In the plea agreement Alessandrini agreed to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture.

6. Claimant does not contest the United States' representation that it could further show at a forfeiture trial that the defendant cryptocurrency is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

7. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant cryptocurrency.

Alessandrini acknowledged that he is the sole owner of the defendant cryptocurrency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant cryptocurrency, claimant shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant cryptocurrency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. All right, title, and interest of Andrea Alessandrini in the Approximately 2.53318045 Bitcoin shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), to be disposed of according to law.

3. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant cryptocurrency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

4. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

5. All parties will bear their own costs and attorney's fees.

/////

6. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant cryptocurrency.

IT IS SO ORDERED

DATED: March 8, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE